NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

THE FOREST HIGHLANDS ASSOCIATION,
an Arizona non-profit corporation,
*Plaintiff/Counter-Defendant/Appellee*,

*v.*

CLIFFORD E. ALEXANDER, III; and JEANNE FISHER,
*Defendants/Counter-Claimants/Appellants*.

No. 1 CA-CV 16-0714
FILED 11-9-2017

Appeal from the Superior Court in Coconino County
No. S0300CV201600118
The Honorable Mark R. Moran, Judge

**AFFIRMED**

COUNSEL

Mangum, Wall, Stoops & Warden, P.L.L.C., Flagstaff
By Brandon J. Kavanagh, Thomas E. Dietrich
*Counsel for Plaintiff/Counter-Defendant/Appellee*

Clifford E. Alexander, III, Jeanne Fisher, Flagstaff
*Defendants/Counter-Claimants/Appellants*

---

**MEMORANDUM DECISION**

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Diane M. Johnsen joined.

---

**C R U Z**, Judge:

¶1      The Forest Highlands Association ("Forest Highlands") brought a complaint against Clifford E. Alexander, III and Jeanne Fischer (the "Alexanders"), claiming breach of contract and unjust enrichment based on the Alexanders' failure to pay fees according to Forest Highlands' Covenants, Conditions, and Restrictions ("CC&Rs"). The Alexanders appeal from the superior court's order granting summary judgment in favor of Forest Highlands. For the following reasons, we affirm.

**FACTUAL AND PROCEDURAL HISTORY**

¶2      The Alexanders bought real property in Forest Highlands, a housing association located in Coconino County, in 2005. All property in the Forest Highlands development is acquired subject to the CC&Rs, which were recorded in 2000. In addition to the CC&Rs, Forest Highlands has adopted the Forest Highlands Golf Club 2014 Rules, Information and Fees ("Association Rules") and the Forest Highlands Association Enforcement Policies and Procedures, both of which are applicable to and regulate the conduct and obligations of the members.

¶3      On May 29, 2014, Mr. Alexander was involved in an incident in which, according to Forest Highlands, he intimidated a group of children, threatened to chase them with a gun, chased them with his vehicle, and stole one of the children's bicycles. Coconino County Sheriff's Office deputies responded, and after investigation arrested Mr. Alexander, although he claims he was later only charged with misdemeanors. The Alexanders do not dispute that Mr. Alexander was involved in the incident, although in their answer they deny he did anything wrong.

¶4      Based on that incident, the Forest Highlands Board of Directors ("Board") charged Mr. Alexander with violating Forest Highlands' code of conduct contained within Association Rule 2.2, which prohibits flagrant misconduct such as: verbally abusing, harassing, and intimidating another; driving a vehicle in a reckless manner; theft; and

endangering the safety, health, and welfare of other individuals in the community. The Board issued a notice to Mr. Alexander and set a hearing, advising the Alexanders they faced potential fines and assessments under CC&R section 6.4.[1]

¶5          The hearing proceeded as scheduled, and the Alexanders attended and participated. After the hearing, the Board assessed the Alexanders a $250 fine for Mr. Alexander's violation of Forest Highlands' code of conduct, and $2,707.90 in attorneys' fees and costs associated with its investigation of the violation (collectively, the "special assessment," totaling $2,957.90). The Alexanders refused to pay the special assessment. In addition, the Alexanders also stopped paying their regular monthly homeowner association fee assessments.

¶6          After the Alexanders failed to pay the special assessment and past due account balance, Forest Highlands recorded a lien against their property as allowed by CC&R section 6.1.[2] Forest Highlands then sued the Alexanders alleging breach of contract and seeking damages in the amount of the Alexanders' outstanding regular and special assessment balances and, in the alternative, unjust enrichment, based on membership benefits the Alexanders received without paying their dues.

¶7          In their answer to the complaint, the Alexanders admitted they purchased their property subject to the CC&Rs, denied Mr. Alexander harassed or intimidated the children but admitted his participation in the incident, acknowledged the violations hearing but contested its legality, disputed the grant of attorneys' fees as a special assessment in investigating

---

[1]     CC&R section 6.4 permits Forest Highlands to charge a special assessment against a member for costs incurred in bringing the member into compliance with its CC&Rs, Articles, Bylaws, Association Rules or Development Standards, as well as associated attorneys' fees, interest, and other costs.

[2]     CC&R section 6.1 states that each member, upon acquiring property, "covenants and agrees to pay to [Forest Highlands] Regular Assessments, Special Assessments, Capital Improvement Assessments . . . from time to time as provided in [the CC&Rs]," and provides that all unpaid assessments, costs, fees, and interest operate as a continuing lien on the member's property against which those charges are made.

the violation, and challenged the calculation of past due regular assessments owed.  The Alexanders also requested a jury trial.

**¶8**　　　Forest Highlands moved for summary judgment, which the superior court granted over the Alexanders' objection.  The court entered judgment in the amount of $25,131.25 on the unpaid assessments and late fees incurred on those assessments, plus attorneys' fees of $24,278.50.  The Alexanders timely appealed.

**¶9**　　　We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

**¶10**　　　Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Ariz. R. Civ. P. 56(a).  We review *de novo* the superior court's grant of summary judgment, viewing the facts in the light most favorable to the party against whom judgment was entered.  *Great Am. Mortg., Inc. v. Statewide Ins. Co.*, 189 Ariz. 123, 124-25 (App. 1997).

**¶11**　　　The Alexanders raise two arguments on appeal, claiming: (1) the superior court erred by not granting them a jury trial pursuant to their request under the Seventh Amendment of the United States Constitution; and (2) the court violated the Alexanders' due process rights by granting summary judgment without any further proceedings.  The Alexanders' arguments challenge the propriety of the procedural tool of summary judgment in general, not its application to this particular case.  In fact, they cite no facts in support of their contention that a genuine issue of material fact exists to be resolved by a jury.

**¶12**　　　The arguments the Alexanders raise on appeal were rejected by the Arizona Supreme Court in *Orme School v. Reeves*, 166 Ariz. 301, 308-09 (1990).  In *Orme*, the Court considered whether a rule granting a superior court judge the power to enter judgment without trial usurps the jury's function and interferes with a constitutional right to a jury trial.  *Id.* at 308.  The *Orme* Court held it did not, recognized that federal law granted the federal courts the power to direct verdicts, citing *Galloway v. United States*, 319 U.S. 372, 389 (1943), and held that allowing summary judgment in civil cases would "do no violence to our guarantee of trial by jury under article 2, § 23 of the Arizona Constitution."  *Orme*, 166 Ariz. at 308-09.  The right to a jury trial only attaches if the case presents a genuine factual question, and as such, summary judgment operates "as an efficient instrumentality to

4

expedite the business of the court by permitting the summary adjudication of meritless claims without the necessity of trial." *Id.* at 305, 308.

¶13 Although we view the facts in the light most favorable to the Alexanders, they have failed to identify any material issue of fact in the record sufficient to preclude summary judgment.

## CONCLUSION

¶14 We affirm the superior court's grant of summary judgment.

¶15 Forest Highlands seeks attorneys' fees and costs, pursuant to Arizona Rule of Civil Appellate Procedure 21 and A.R.S. § 12-341.01. Because Forest Highlands is the successful party, we award its costs and reasonable attorneys' fees.[3]



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[3] The Alexanders filed a separate Statement of Costs on April 24, 2017. This decision resolves that request. Because we award Forest Highlands its costs and reasonable attorneys' fees as the successful party, we deny the Alexanders' request for costs.